IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRYSTAL BECKUM,

    Plaintiff,

vs.

DIERBERGS EDWARDSVILLE LLC and
DIERBERGS MARKETS INC,

    Defendants.

Case No. 15-cv-482-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand to State Court (Doc. 12).  For the following reasons the Court **DENIES** the motion.

Plaintiff's claims arise out of a slip and fall at Defendants' store in Edwardsville, Illinois.  On March 17, 2015, Plaintiff filed her Complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois alleging premises liability and negligence claims and seeking damages "in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus costs of suit" (Doc. 1-1).  Plaintiff alleges she "sustained bodily injuries including, but not limited to, injuries to her left foot, left knee, back, and right hand and wrist; . . . endured pain and suffering, both of the body and mind; . . . [and] has and will become liable for reasonable medical expenses incurred in endeavoring to cure [herself] of said injuries" (Doc. 1-1, p. 8).  In a letter to Defendants' counsel dated November 6, 2013, Plaintiff's counsel represented Plaintiff had incurred $23,263.85 in medical bills and recommended settlement in the amount of $125,000 (Doc. 1-3, p. 2).

On April 30, 2015, Defendant removed this case on the basis of diversity jurisdiction alleging that the amount in controversy in this case is greater than $75,000.00.  Plaintiff has now

filed her Motion to Remand in which she states she "believe[s] that this case is worth less than $75,000.00" (Doc. 12, p. 2).  In support, Plaintiff attaches her affidavit stating "[t]hat the value of this case and total of money damages sought in this case is less than Seventy-Five Thousand Dollars ($75,000.00), inclusive of costs" (Doc. 12-1, p.1).

Cases invoking this Court's diversity jurisdiction must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  When a case is removed, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed.  *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993); *see* 16 James Wm. Moore, Moore's Federal Practice § 107.14[2][g][ii] (3d ed.).   The proponent of federal jurisdiction must show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006).  "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id*.  "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court."  *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).  A plaintiff cannot defeat federal jurisdiction through a post-removal affidavit limiting damages below the jurisdictional amount.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

Here, the record indicates it was not legally impossible that the amount in controversy would exceed the jurisdictional amount at the time of removal.  Based on the allegations in the Complaint that Plaintiff's damages exceeded $50,000, Plaintiff's past and future medical costs, and Plaintiff's settlement demand of $125,000, Defendants have established by a preponderance of the evidence that at the time of removal the amount in controversy was greater than $75,000.  *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006) (finding a settlement offer

2

permissible evidence to determine amount in controversy).  Further, Plaintiff does not contend it would be impossible for a jury to properly award damages in excess of $75,000.  Plaintiff's post-removal affidavit limiting damages to below $75,000 is ineffective to defeat federal jurisdiction.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand (Doc. 12).

**IT IS SO ORDERED.**

**DATED:** May 26, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
